CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 23 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

WILLIE JUNIOR WAKER, individually and )
BARBARA KYLE WAKER, by and through )
her Attorney in Fact, Willie Junior Waker, )
)
    Plaintiffs, )   Civil Action No. 7:18CV00118
)
v. )   **MEMORANDUM OPINION**
)
BANKERS LIFE INSURANCE CO., )   Hon. Glen E. Conrad
BANKERS LIFE AND CASUALTY CO., )   Senior United States District Judge
CNO SERVICES, LLC, )
JENNIFER SWEDENBURG, and JOHN DOE, )
)
    Defendants. )

In this action, which was removed from the Circuit Court for the City of Roanoke, plaintiffs Willie Junior Waker and Barbara Kyle Waker assert claims under state law against Bankers Life Insurance Company, Bankers Life and Casualty Company, CNO Services, LLC, Jennifer Swedenburg, and John Doe. The case is presently before the court on the plaintiffs' motion to remand. The motion has been fully briefed and is ripe for decision.[1] For the following reasons, the plaintiffs' motion will be denied without prejudice to renewal.

## Background

The plaintiffs are citizens of Virginia, who reside in Roanoke. They were previously insured under long-term care insurance policies issued by Metropolitan Life Insurance Company ("Met Life"). Mrs. Waker's Met Life policy provided unlimited lifetime benefits. Mr. Waker's policy provided over $250,000 in benefits.

---

[1] The court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not significantly aid the decisional process.

Jennifer Swedenburg, a representative of Bankers Life and Casualty Company ("Bankers Life and Casualty"), called the plaintiffs in March of 2016 and advised them that she would soon be visiting their neighborhood. She asked if they would like to discuss insurance offerings such as long-term care insurance. Mr. Waker explained that the couple already had long-term care insurance, but that the premiums had become so high that he would be interested in learning about potential cost savings. Mr. Waker also indicated that he and his wife were retired, that they lived alone, and that his wife had dementia.

Swedenburg arranged to visit the plaintiffs' home on March 30, 2016. On that date, Swedenburg and John Doe, an unidentified agent of Bankers Life and Casualty, met with the plaintiffs. During the meeting, the plaintiffs provided written documents evidencing their existing policies with Met Life. Swedenburg and Doe advised the plaintiffs that Bankers Life and Casualty would offer the same insurance coverage that they had through Met Life, but with significantly reduced premiums. Relying on the agents' representations, the plaintiffs cancelled their Met Life policies and purchased an insurance policy from Bankers Life and Casualty.

In March of 2017, the Virginia State Police Insurance Fraud Unit contacted the plaintiffs and advised them that Swedenburg was under investigation for fraudulent and illegal insurance dealings. At that time, Mr. Waker examined the policy documents received from Bankers Life and Casualty and determined that the insurance product he had been sold was not the product he had been promised or quoted by the company and their agents. Unlike the coverage provided by Met Life, "the policy applied and paid for by the Wakers in March is [a] LIMITED BENEFIT POLICY which only gives the Wakers protection or care for 90 or 180 days based on their selection." Compl. ¶ 40, Docket No. 1-2.

On February 18, 2018, the plaintiffs filed suit against Bankers Life and Casualty, Bankers Life Insurance Company, CNO Services, LLC, Jennifer Swedenburg, and John Doe in the Circuit Court for the City of Roanoke, alleging fraud and violations of the Virginia Consumer Protection Act. The plaintiffs seek to recover compensatory damages in the amount of $900,000, punitive damages in the amount of $700,000, treble damages under Virginia Code § 59.1-204, and reasonable attorney's fees and costs.

On March 20, 2018, Bankers Life and Casualty and CNO Services, LLC (collectively, the "Removing Defendants") removed the case to this court on the basis of diversity jurisdiction.[2] In the notice of removal, the Removing Defendants indicated that Swedenburg had consented to removal. The Removing Defendants further asserted that Bankers Life Insurance Company is a nominal party whose consent is unnecessary for removal, and that all parties had agreed to a nonsuit of that defendant. See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 257 (4th Cir. 2013) ("Nominal parties are excepted from the requirement that all defendants join in or consent to removal to federal court.").

On April 11, 2018, the Wakers moved to remand the case to state court on the basis that the Removing Defendants "fail[ed] to prove the citizenship of the John Doe defendant and, as a result, this court lacks diversity jurisdiction." Pl.'s Br. in Supp. of Mot. to Remand 2, Docket No. 11. In their motion, the Wakers emphasize that John Doe is alleged to have worked out of an office in Roanoke, Virginia, and that discovery will likely establish that he is a citizen of Virginia. See Compl. ¶ 10 ("John Doe was an employee/agent of Bankers Life who also sold insurance to individuals out of his office located at 5115 Bernard Dr., Suite 305, Roanoke, Virginia 24018 in

---

[2] According to the notice of removal, Bankers Life and Casualty is an Illinois corporation based in Chicago, Illinois; CNO Services, LLC is an Indiana limited liability company whose members are not citizens of Virginia; Bankers Life Insurance Company is a North Carolina corporation based in Durham, North Carolina; and Swedenburg is a citizen of Indiana. See Notice of Removal ¶¶ 9–12, Docket No. 1.

3

2016."). In response, the Removing Defendants argue that the notice of removal establishes complete diversity of citizenship among the known, named parties and properly disregards the citizenship of the John Doe defendant.

## Discussion

In order for an action to be removed from state court to federal court, the action must be one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The burden of demonstrating jurisdiction rests with the parties seeking removal. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). If at any time before final judgment it appears that the court lacks subject matter jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c).

As indicated above, the Removing Defendants removed the case to this court pursuant to 28 U.S.C. § 1332, which grants federal district courts original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. See 28 U.S.C. § 1332(a)(1). "Section 1332 requires complete diversity among the parties, meaning the citizenship of each plaintiff must be different from the citizenship of each defendant." Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014). Importantly, in determining whether a civil action is removable on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).[3]

---

[3] Section 1441 was amended in 2011. See Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011). The requirement that courts disregard the citizenship of defendants sued under fictitious names was previously found in § 1441(a). The language was originally added to the statute as part of the Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, 102 Stat. 4642 (1988), "in order to curtail the practice of naming fictitious defendants merely to destroy diversity." Howell v. Circuit City, 330 F. Supp. 2d 1314, 1317 n.3 (M.D. Ala. 2004).

4

The court agrees with the Removing Defendants that the clear and unequivocal language of § 1441(b)(1) is dispositive here. At this stage of the proceedings, the court is required to disregard the citizenship of the John Doe defendant, even if there is reason to believe that he is a citizen of Virginia.[4] See Walker v. CSX Transp., Inc., 650 F.3d 1392, 1396 n. 11 (11th Cir. 2011) (noting that the likelihood that the fictitious defendants were citizens of the same state as the plaintiff did not destroy complete diversity because § 1441 requires that fictitiously named parties be disregarded for purposes of diversity jurisdiction); Karnes v. Outback Steakhouse of Fla., LLC, No. 1:15-cv-13441, 2016 U.S. Dist. LEXIS 86524, at *7 (S.D. W. Va. July 5, 2016) (concluding that "plaintiff's claim that diversity is lacking because the John Doe defendants are likely West Virginia citizens . . . [fails under] 28 U.S.C. § 1441(b)(1)"); Lindsey v. Highwoods Realty L.P., No. 3:11-cv-00447, 2011 U.S. Dist. LEXIS 108172, at *7 (E.D. Va. Sept. 22, 2011) (finding unpersuasive the plaintiff's argument that there were sufficient reasons to believe that a John Doe defendant was a citizen of Virginia). Because complete diversity exists among the known, named parties, the court must deny the pending motion. Should discovery confirm the plaintiffs' initial beliefs regarding the citizenship of the John Doe defendant, the plaintiffs may request leave to amend their complaint and renew their motion to remand. See 28 U.S.C. § 1447(c); see also Dobbs v. JBC of Norfolk, Va. Inc., 521 F. Supp. 2d 531, 532 (E.D. Va. 2007) (noting that the plaintiff could renew his motion to remand "if and when it becomes clear that diversity in this action is lacking").

---

[4] In arguing to the contrary, the plaintiffs principally rely on Johnson v. General Motors Corporation, 242 F. Supp. 778, 780 (E.D. Va. 1965), in which the district court found it "necessary for a removing defendant to show that a John Doe co-defendant was a non-resident at the time of the institution of the action." However, Johnson was decided before Congress amended the removal statute to direct courts to disregard the citizenship of defendants sued under fictitious names. That amendment forecloses any reliance on Johnson.

## Conclusion

For the reasons stated, the plaintiffs' motion to remand will be denied without prejudice to renewal. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 22d day of May, 2018.

*/s/ Glen Conrad*
Senior United States District Judge